Tukley, J.
delivered the opinion of the court.
This is an action brought by the lessee of the plaintiff to recover possession of a lot or parcel of land in Overton county, in possession of the defendant, being a part of forty thousand acres, granted by the State of North Carolina, to Stokely Don-elson and Wm. Terrell, by grant No. 289, dated 4th of January, 1795. In the circuit court there was a verdict and judgment for defendant, upon which an appeal, in the nature of a *630 ■writ of error, is prosecuted to this court, and several questions are now presented for consideration. t •
1. It is said there is no plea of not guilty entered by the defendant, and so no issue. To this we think the answer is satisfactorily given, that this action is in form a fiction, introduced to. try the validity of title to the premises in dispute between the parties litigant, and we will not reverse for matter of form, where the parties have appeared and investigated the case upon its merits.
2. In the action of ejectment, it is well settled that the plaintiff if he recover, must do so upon the strength of his own title, and not upon the weakness of defendants. This raises the question as to the validity of the title exhibited by the lessee of the plaintiff. It appears from the record, that he claims under various mesne conveyances, from the grantees to John Mclver, who departed this life in 1830, and a deed from the sheriff of Overton county, purporting to convey the interest of the heirs of said Mclver in said land to himself, bearing date on the 28th day of February, 1837. This deed of conveyance was made by virtue of a sale under an execution issued in favor of Andrew J. Marchbanks, upon ajudgment rendered in his favor against the heirs of John Mclver, whichwaslevied upon all the unsold land of the heirs of Mclver, in the bounds of Overton county, and which lies within the bounds of the forty thousand acre tract, granted by the State of North Carolina to Stokely Donelson and ¥m. Terrell, by grant No. 289. There is no other specification of the lands levied on but this, and the question is, is this levy sufficiently certain? and we hold, both upon reason and authority, that it is not. A levy must be sufficiently descriptive of the property to be sold, to enable the purchaser to ascertain the nature and value of the thing he is buying; otherwise no estimate of its value could be made; and without this, there will generally be a sacrifice of property on the part of the debtor or purchaser.
“All theunsold land in a forty thousand acre, tract,” is entirely vague and it would be impossible to ascertain with any certainty whether a part, the whole, or any thing was for sale, and of course no approximation as to value could be made; the pur *631 chase would be a gambling speculation, which cannot be permitted. This question has been directly adjudicated by the supreme court of New York, in the case of Jackson vs. Rosevelt, 13 Johnson’s Rep. 96: there the description of the land was, “all the lands and tenements of Elizabeth Ellis and Sarah Vankleick, heirs and devisees of Lawrence Vankleick, situate, lying and being in the patent commonly called and known by the name of the Hardenburg patent,” which was held to be void for uncertainty.
3. The defendant claims title to the premises also under John Mclver’s heirs, by virtue of a decree of a court of chancery, upon a bond for title purporting to have been executed by Mc’-Iver, in his life time, to which some exception has been taken by the lessee of the plaintiff, but which we deem it unnecessary to investigate, as from his own showing he has' no right to disturb the possession of the defendant. Judgment affirmed.
Note. — See Brown vs. Dickson, 2 Hump. 395: Parker vs. Swan, 1 Hump. 80. Vance vs. McNairy, 3 Yerg. 171: 3 Yerg. 338.